BROWN *v.* JOHNSON, et al.

No. 42122          February 5, 1962          137 So. 2d 189

*Cecil G. Johnson,* Ellisville, for appellant.

766

*Melvin, Melvin & Melvin,* Laurel, for appellees.

ARRINGTON, J.

The appellant, complainant below, filed bill of complaint in the Chancery Court of the First Judicial District of Jones County against Harold T. Johnson and Virginia L. Johnson, defendants and appellees here. The relief prayed for was that the appellees be enjoined and restrained from using a driveway over and across appellant's land. From an adverse decree the appellant appeals.

The record herein discloses that the appellees' land adjoins that of appellant on the east; that the only way they can have ingress and egress is along the north line of appellant's property. Mrs. Thelma C. Crumpton testified that she was familiar with the property where the Johnsons lived; that she and her husband bought it twenty-four years ago; that at that time there was a road there and used by "a right smart of public"; that she and her husband gave half of the right of way and her brother, "Doc" Bowman, gave the other half; that the county began working this road in 1940 and has countinued to work it for a period of twenty years; that

it had been graded, a bridge repaired, and gravel hauled for maintenance.

The chancellor, in his opinion, held that "the acceptance of the Crumpton gift of whatever it was and the working of the road by the supervisors for 12 and 8 years respectively . . . . is sufficient for publicly acquired prescription." Again he said: "I do hold that this is a public road." While he could not dignify it by calling it a highway because it was built for the convenience of one man and his family, he said: "I think that Mr. Johnson is entitled to the use of the road by public prescription."

■■ The land for this road was a parol gift by Mr. and Mrs. Crumpton and "Doc" Bowman in 1939. The county began to work it in 1940, and has done so for twenty years. The county has therefore acquired a right for the public to the use of this land by prescription, because "A claim of title under a parol gift, accompanied by entry and adverse holding for ten years, ripens into a good title." Chatman v. Carter, 209 Miss., 16, 45 So.2d 841, and cases there cited.

In a case such as this the public acquires an easement. The chancellor dismissed the bill of complaint and the cross-bill with prejudice and held that the appellees were entitled to the use of the road. His decision is clearly correct. It follows that the decree of the court below is affirmed.

Affirmed.

*Lee, P. J.,* and *McElroy, Rodgers* and *Jones, JJ.,* concur.